NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID HARVEY, *Appellant.*

No. 1 CA-CR 22-0067
FILED 10-18-2022

Appeal from the Superior Court in Yavapai County
No. P1300CR202000898
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Nicole Countryman, Phoenix
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in
which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

**T H U M M A**, Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant David Harvey has advised the court that, after searching the entire record, she has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Harvey was given the opportunity to file a supplemental brief on his own behalf but did not do so. This court has reviewed the record and found no reversible error. Accordingly, Harvey's convictions for one count of sexual conduct with a minor and six counts of molestation of a child, as well as his resulting prison sentences, are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2** On June 22, 2019, the victim, a female who was then ten years old, told her Mother "Uncle Dave touches me." "Uncle Dave" referred to Harvey, who is married to Mother's sister. Mother contacted the police, who arranged for a family advocacy specialist to conduct forensic interviews of the victim. During those interviews, the victim discussed a long history of Harvey inappropriately touching her. This included separate incidents from 2015 to 2019 where Harvey touched her genitals, including penetrating her while in his truck. All of the reported incidents took place in Yavapai County. Later, at trial where the victim testified, these forensic interviews were admitted into evidence and played for the jury.

**¶3** After the first forensic interview, a nurse practitioner also performed a sexual assault examination on victim. Mother then participated in several recorded confrontation calls with Harvey, excerpts of which were later admitted in evidence at trial and played for the jury. After first denying allegations made by Mother, but before she mentioned that at least one incident occurred in his truck, Harvey spontaneously volunteered that the victim "sat on my lap in the truck just like everyone else did."

**¶4** The State charged Harvey with one count of sexual conduct with a minor, a Class 2 felony and a dangerous crime against children (DCAC) offense, for penetrating the victim in his truck and six counts of molestation of a child, each a Class 2 felony and a DCAC offense. Before trial, following a hearing, the superior court granted the State's motion to present evidence under Arizona Rule of Evidence 404(b) and (c) about uncharged actions Harvey undertook with the victim, making findings indicated by those rules. The court denied the State's request to use

evidence of additional 404(b) and (c) acts that were disclosed to Harvey the night before trial began.

¶5            At trial, the victim testified about Harvey's conduct, describing in some detail evidence supporting each of the seven charges. Along with the nurse practitioner, Harvey's wife and others testified. The State's forensic scientist testified there was no male DNA present on the swabs taken during the sexual assault examination, adding that the length of time between the assault and the examination made it less likely DNA would be detected. After the State rested in its case in chief, Harvey called his own DNA expert, who testified that Harvey's DNA would be present on the swabs if Harvey had penetrated the victim as alleged. Harvey moved for a judgment of acquittal, which the superior court denied. *See* Ariz. R. Crim. P. 20. Harvey declined to testify, as was his right.

¶6            After deliberation, the jury found Harvey guilty as charged. The court polled the jury and each juror answered individually that these were their true verdicts. Before sentencing, the court ordered and received a pre-sentence report. The court sentenced Harvey to 15 years for the sexual conduct with a minor conviction and 12 years for each of the six molestation of a child convictions. All of the sentences are flat-time and consecutive. The court properly awarded Harvey 536 days of pre-sentence incarceration credit on the sexual conduct with a minor conviction and imposed financial consequences.

¶7            This court has jurisdiction over Harvey's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A) (2022).

## DISCUSSION

¶8            The record shows that Harvey was present for and represented by counsel at all critical stages of the proceedings. The court properly instructed the 12-person jury on the elements of the charged offenses, the State's burden of proof, Harvey's presumption of innocence and other applicable law. The record contains substantial evidence supporting the verdicts. The sentences imposed were within statutory limits. The award of presentence incarceration credit was accurate. From the court's review of the record, all of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.

## CONCLUSION

**¶9**		This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, Harvey's convictions and resulting sentences are affirmed.

**¶10**		Upon the filing of this decision, defense counsel is directed to inform Harvey of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Harvey shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA